UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PP&G CONSULTING, INC.,
ET AL.,

      Plaintiffs,

v.                                                           Case No. 8:07-cv-559-T-24 TBM

COLORTYME, INC.,

      Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court on its own. This case was removed from state court on April 2, 2007. Defendant contends that this Court has subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. While Defendant has shown that the parties are diverse, Defendant has not shown that the amount in controversy exceeds $75,000, and as such, this Court lacks subject matter jurisdiction over the case.

Defendant Colortyme, Inc. commenced arbitration proceedings against Plaintiffs on February 2, 2007 asserting state law claims. Thereafter, on February 28, 2007, Plaintiffs filed suit in state court seeking a declaratory judgment that they could not be compelled to arbitrate Colortyme's claims and seeking an order staying the arbitration. Colortyme removed the case to this Court, alleging diversity jurisdiction.

A similar complaint was filed in <u>Citigroup Global Markets, Inc. v. Berggren</u>, 2006 WL 3359653 (N.D. Ga. Nov. 20, 2006), and the court was alleged to have diversity jurisdiction. The court in <u>Berggren</u> found that it lacked subject matter jurisdiction over the case because it was not shown that the amount in controversy met the jurisdictional threshold. <u>See id.</u> at *2.

Specifically, the court stated that "[t]he monetary value of Plaintiff avoiding arbitration is simply speculative and immeasurable. Speculative 'value' does not satisfy the amount in controversy requirement." Id. at *2 (citations omitted).

Likewise, in the instant case, this Court lacks subject matter jurisdiction over the case because it has not been shown that the amount in controversy meets the jurisdictional threshold.[1] Accordingly, the Court must remand this case back to state court, pursuant to 28 U.S.C. § 1447(c), due to lack of subject matter jurisdiction.

Accordingly, it is ORDERED AND ADJUDGED that pursuant to 28 U.S.C. § 1447(c), this case is remanded back to state court. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of April, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

---

[1] The Court notes that a federal district court has subject-matter jurisdiction over a declaratory judgment action if a plaintiff's complaint alleges facts demonstrating the defendant could file a coercive action arising under federal law. See Household Bank v. JFS Group, 320 F.3d 1249, 1259 (11th Cir. 2003). However, Plaintiffs' complaint does not allege facts demonstrating that Colortyme could file a coercive action *under federal law*.

The Court notes that there is no allegation in the complaint that Plaintiffs are currently declining to participate in the arbitration, and as such, it does not appear that Defendant can currently seek to compel arbitration under the Federal Arbitration Act. Furthermore, even if Plaintiffs are declining to participate in the arbitration and Defendant seeks to compel arbitration under the Federal Arbitration Act, the Court notes that the Federal Arbitration Act does not confer subject matter jurisdiction on federal courts, and as such, independent grounds for subject matter jurisdiction would have to exist. See Terminix International Co., L.P. v. Palmer Ranch Limited Partnership, 446 F. Supp.2d 1308, 1309 n. 1 (M.D. Fla. 2006). Thus, the allegations in the complaint do not show that Colortyme could file a coercive action *under federal law* such that this Court would have subject matter jurisdiction over this case.